UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VALENCIA GARNER,**

        **Plaintiff,**

**v.**           Case No:  6:11-cv-1445-Orl-22GJK

**USA, VEDA BARNES, JAMES BARNES
and DETRA SMITH,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

> **MOTION:**     **AFFIDAVIT OF INDIGENCY (Doc. No. 9)**
>
> **FILED:**       **December 26, 2012**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I. BACKGROUND

On August 30, 2011, Plaintiff, Valencia Garner, pro se, filed a complaint against Defendants, United States of America, Veda Barnes, James Barnes and Detra Smith. Doc. No. 1. Plaintiff also filed an Application to Proceed Without Prepayment of Fees or Costs and a motion to appoint counsel (hereafter "Application"). Doc. Nos. 2-3. On September 1, 2011, the Application was denied without prejudice because, after exercising the review required by 28 U.S.C. § 1915(e)(2), the complaint failed to comply with the rudimentary requirements of Rule 8, Federal Rules of Civil Procedure. Doc. No. 4. The Court's order identified the deficiencies in the complaint and granted Plaintiff twenty-one (21) days to file an amended complaint and renew

her motion to proceed *in forma pauperis*.  Doc. No. 4.  On September 27, 2011, the undersigned recommended the case be dismissed as a result of Plaintiff's failure to file an amended complaint and renew her motion to proceed *in forma pauperis*.  Doc. No. 6.  On October 17, 2011, the report and recommendation was adopted, and the case dismissed without prejudice.  Doc. No. 7.

On December 26, 2012, Plaintiff filed a "Motion Court Rule 3 Commence of Action, USCA 28 CFR 45.10(A) Abandonment of Prosecution" (hereafter "Complaint") and an affidavit of indigency (hereafter "Motion").  Doc. Nos. 8-9.[1]  The Complaint names the United States of America Central Intelligence, Federal Bureau of Investigation, Department of Justice Inspector General and contracted employees as Defendants.  Doc. No. 8 at 1.

On the first page of the Complaint, Plaintiff states that she has "been abandon of prosecution. And kids Oscar Garner and Thaddeus Bradley. Conscious failure to preform government duties. Also US Constitution 14. To equal government protection."  Doc. No. 8 at 1.  The gravamen of the Complaint is that Defendants have contracted with "killers" to kill Plaintiff by spreading AIDS, and kidnap Plaintiff and her children.  Doc. No. 8 at 2, 4-5.[2]  Plaintiff also alleges that Defendants have stolen her "savory," robbed her of fair housing, threatened to steal her driver's license and have stolen funds from her.  Doc. No. 8 at 2, 4-5.  Without indicating how they relate to her allegations, Plaintiff lists twenty-one (21) "Statues."  Some are recognizable, such as Title VII of the Civil Rights Act, RICO, Americans with Disabilities Act and Antitrust.  Doc. No. 8 at 3.[3]  Others are not:  "USCA Deprivation," "USCA Patern of Practice," "USCA Crimes Against Children" and "USCA Enviroment."  Doc. No. 8 at 3.

---

[1]  The caption of the Complaint purports to be a class action, but Plaintiff does not include any allegations to support class certification.

[2]  AIDS stands for Acquired Immunodeficiency Syndrome.

[3]  RICO stands for Racketeer Influenced and Corrupt Organizations.

Plaintiff attaches two documents to the Complaint. The first document is entitled "Death" and lists 160 names. Doc. No. 8 at 6-9. Accompanying this document is a paper entitled "Redress," wherein Plaintiff requests 999 quintillion dollars each for abandonment of prosecution, premeditated murder and identity theft; 20 quintillion dollars for violation of the Fourteenth Amendment; and 150 quintillion dollars for sex discrimination. Doc. No. 8 at 10.[4] The second document is a complaint Plaintiff filed with the United States Department of Justice alleging a failure to provide rights to a crime victim under the Crime Victims' Rights Act of 2004. Doc. No. 8 at 11-14.

## II. LAW

### A.     The Statute and Local Rules

When a party files a civil action and moves to proceed *in forma pauperis*, 28 U.S.C. § 1915 directs the district court to review and dismiss a complaint when it determines the action is frivolous, malicious or fails to state a claim upon which relief can be granted.[5] This statutory language is mandatory and applies to all proceedings *in forma pauperis*. *See Boyington v. Geo Group, Inc.*, 2009 WL 3157642 (M.D. Fla. 2009) (recognizing that review under 28 U.S.C. §

---

[4] Plaintiff also states "I need a attorney for the rest." Doc. No. 8 at 10. To the extent such a statement can be construed as a request for counsel, the request should be denied because Plaintiff has not demonstrated exceptional circumstances and the factual or legal issues raised are not so complex that the appointment of counsel is warranted. *See Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996) (exceptional circumstances must be demonstrated for appointment of counsel in civil cases); and *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (exceptional circumstances may exist when the factual or legal issues are so complex that assistance from an attorney is needed).

[5] 28 U.S.C. § 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
> (i)  is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

1915 applies to non-prisoner complaints).[6]

Local Rule 4.07(a) also governs proceedings *in forma pauperis* and provides that the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to an involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district court. *Id.* The district court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

   B.   **Discretion Under 28 U.S.C. § 1915**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[7] *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

---

[6] Similarly, a party may not take an appeal *in forma pauperis* if the district court certifies, in writing, that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).

[7] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

### C.    Frivolous Actions Under 28 U.S.C. § 1915(e)(2)(B)(i)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639.  The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong.  *Id*.  A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Claims may lack an arguable basis in law because of either factual or legal inadequacies.  *Id.*  Legal theories are frivolous when they are "indisputably meritless."  *Id.* at 329; *Battle*, 898 F.2d at 129.  Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist."  *See Neitzke*, 490 U.S. at 327.

### D.    Federal Rule of Civil Procedure 8

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following: 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought, which may include relief in the alternative or difference types of relief.  Fed. R. Civ. P. 8.

### E.    *Pro Se* Plaintiff

A *pro se* plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  If Plaintiff continues *pro se*, he must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law.

### III. ANALYSIS

The Court closed this case on October 17, 2011. Doc. No. 7. Instead of moving to reopen the case, Plaintiff filed a new Complaint against different defendants. Accordingly, it is **RECOMMENDED** that the Court direct the Clerk to open a new case and file the Complaint and the Motion in the new case.

Plaintiff has cited 28 C.F.R. § 45.10 in her Complaint. Doc. No. 8 at 1. This federal regulation implements the provisions of 18 U.S.C. § 3771, the Justice for All Act. *See* 28 C.F.R. § 45.10(a). 18 U.S.C. § 3771 sets forth rights of crime victims and permits a crime victim, the crime victim's representative or the government attorney to assert these rights by filing a motion in the district court. 18 U.S.C. § 3771(a), (d)(1). However, 18 U.S.C. § 3771(d)(6) expressly states that "[n]othing in his chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages." Thus, a crime victim may not assert a claim for damages for a violation of 18 U.S.C. § 3771. 28 C.F.R. § 45.10 sets forth the process to lodge a complaint when a crime victim asserts her rights under 18 U.S.C. § 3771 were violated. The Victim's Rights Ombudsman is the final arbiter of a complaint and a crime victim may not seek judicial review of the Victim's Rights Ombudsman's determination. 28 C.F.R. § 45.10(c)(7)-(8). Accordingly, to the extent Plaintiff asserts a claim for a violation of 28 C.F.R. § 45.10 or 18 U.S.C. § 3771, it is **RECCOMENDED** that the claim be **DISMISSED WITH PREJUDICE**.

In regard to the other claims Plaintiff purports to assert in the Complaint, they should likewise be dismissed because Plaintiff does not allege the time frame for the conduct at issue, the basis of the Court's jurisdiction, the specific causes of action that make up her claim(s) or

why Plaintiff is entitled to relief. Consequently, the Complaint fails to comply with the rudimentary requirements of Rule 8 and it is **RECOMMENDED** that these claims be **DISMISSED WITHOUT PREJUDICE**. *See Brett v. Sanford Police Dep't*, 2008 WL 1986178 (M.D. Fla. 2008). However, in an abundance of caution, Plaintiff should be permitted an opportunity to file an amended complaint.

Accordingly, the undersigned **RECOMMENDS** the following:

1. The Court direct the Clerk to open a new case, file the Complaint and Motion in the new case, and assign the new case to District Judge Conway and the undersigned as Magistrate Judge;

2. Plaintiff's claim for a violation of 28 C.F.R. § 45.10 or 18 U.S.C. § 3771 be **DISMISSED WITH PREJUDICE**; and

3. Plaintiff be permitted to file an amended complaint that complies with the instructions set forth below within twenty-one (21) days from the date of this Order:

    a. Plaintiff shall place her full legal name in the style of the case on the first page and provide her full name along with a current residential mailing address where she may be served with process and other papers in the appropriate section at the end of the complaint, the P.O. Box Plaintiff currently lists as her address is not sufficient;

    b. Plaintiff must provide the full name and current address for each defendant;

    c. Plaintiff shall specifically allege the basis upon which the Court has subject matter jurisdiction for each claim asserted;

    d. Plaintiff must state what rights under the Constitution, laws, or treaties of the

    United States have allegedly been violated by each defendant;[8]

 e. Plaintiff shall set forth each claim in a separate count;

 f. Plaintiff must set forth a short plain statement of facts as to each claim and state each Defendants involvement in the violation alleged in each claim;

 g. Plaintiff must show how Plaintiff has been damaged or injured by the actions and/or omissions of the Defendants; and

 h. Plaintiff shall set forth a clear statement of the relief sought for each claim.

 i. The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint. Plaintiff shall mail or provide the amended complaint to the Court with a <u>copy</u> <u>for</u> <u>each</u> <u>defendant</u>.

4. At the time Plaintiff files an amended complaint, she shall also file a renewed motion to proceed *in forma pauperis* using an approved form or pay the full filing fee. **Failure to file an amended complaint and renew the motion to proceed *in forma pauperis* or pay the full filing fee within the time provided will result in a recommendation that the case be dismissed without further warning**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

  **The Clerk is directed to send a copy of this order to Plaintiff by Certified Mail.**

---

[8] It is improper for Plaintiff to merely list constitutional rights or federal statutes.

**RECOMMENDED** in Orlando, Florida on January 30, 2013.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy